```
           UNITED STATES DISTRICT COURT
            DISTRICT OF NEW HAMPSHIRE
```

Suriana Nordin

    v.                                    Civil No. 15-cv-509-JL
                                            Opinion No. 2016 DNH 193

PB&J Resorts, LLC, et al.

**MEMORANDUM ORDER**

This negligence action implicates removal from state court, the forum defendant rule, and joinder. The interplay between these procedures and rules, however, makes the case sound more complicated than it is.

Plaintiff Suriana Nordin suffered severe injuries at a resort in Jamaica. She brought suit in Hillsborough County Superior Court, alleging two counts of negligence. The defendants removed the case to this court, alleging diversity of the parties. See 28 U.S.C. § 1332(a). Invoking the forum defendant rule, see 28 U.S.C. § 1441(b)(2), Nordin moves to remand the case because one of the defendants, PB&J Resorts, LLC, is a citizen of New Hampshire. Defendants cross-move for leave to amend their notice of removal and also to dismiss the action as against PB&J Resorts, LLC. See Fed. R. Civ. P. 12(b)(6).

After a careful review of the parties' filings and hearing oral argument, the court concludes that removal was improper

because PB&J Resorts, LLC is a citizen of New Hampshire. Accordingly, Nordin's motion for remand is granted. The court further concludes that the defendants' proposed amendments to the notice of removal would be futile and, accordingly, denies that motion.

I. **Applicable legal standard**

"[A] motion to remand a removed case to the state court involves a question of federal subject matter jurisdiction . . . ." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 830 (1st Cir. 1997). "In the course of this inquiry, the removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction." Id. at 831. Where the defendants have raised fraudulent joinder as the basis for diversity jurisdiction, that burden is a heavy one. Rosbeck v. Corin Grp., PLC, No. 15-12954-LTS, 2015 WL 6472249, at *3 (D. Mass. Oct. 27, 2015). Any legal ambiguities "in the controlling state law" are resolved "in favor of the non-removing party," id. (quoting Burden v. Gen. Dynamics Corp., 60 F.3d 213, 217 (5th Cir.1995)), and "[a]ll contested factual issues and any doubt as to the propriety of the removal must be resolved in favor of remand," Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 208 (D.P.R. 2009).

**II.  Background**

In the summer of 2014, Nordin and her fiancé vacationed at the Hedonism II resort in Jamaica.  While there, Nordin was permanently paralyzed in an accident on an inflatable water slide erected by the resort or its staff.

Nordin sued the four defendants in Hillsborough County Superior Court, alleging one count of negligence and one of negligent hiring, training, and supervision of the staff who encouraged and participated in the sliding activity.  The complaint does not distinguish among the defendants, alleging that they "have maintained interrelated management, officers, directors and ownerships of each respective company for purpose of owning, operating, marketing and advertising the resort," and that they "collectively control the operation" of the resort. Compl. ¶ 8.

The defendants timely removed the case to this court, invoking diversity jurisdiction.  See 28 U.S.C. § 1332.  The defendants alleged that Nordin, the plaintiff, is a citizen of Pennsylvania; defendants PB&J Resorts, I (Jamaica) Ltd. and PB&J Resorts, II, (Jamaica) Ltd. are Jamaican corporations with their principal places of business in Negril, Jamaica; defendant Marshmallow (St. Lucia) Ltd. is a St. Lucian corporation with its principal place of business in St. Lucia; and PB&J Resorts, LLC, "is a limited liability company incorporated in Delaware

3

with a principal place of business in Manchester, New Hampshire." Notice of Removal (document no. 1) at 2. Four days later, Nordin moved to remand the case to the Superior Court.

### III. Analysis

#### A. The forum defendant rule

As discussed supra, the sole basis invoked in the notice of removal for this court's jurisdiction is diversity of the parties. This court generally has original jurisdiction over civil actions

> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States; citizens of a State and citizens or subjects of a foreign state; [and] citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . .

28 U.S.C. § 1332(a). Subject to certain statutory exceptions, civil actions over which this court would have original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States . . . ." Id. § 1441(a). One exception to that rule, however, is commonly known as the forum defendant rule: "A civil action otherwise removable solely on the basis of jurisdiction under [28 U.S.C. §1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2).

4

Nordin invokes the forum defendant rule here.  She asserts, and defendants admit, that PB&J Resorts, LLC is a citizen of New Hampshire because one of its members, Jon Gross, is a citizen of New Hampshire.  See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (a limited liability company is deemed to be a citizen of the same states as each of its members).  Because PB&J Resorts, LLC, is a citizen of the forum state, removal to this court was improper. 28 U.S.C. §§ 1441(b)(2), 1447(c).

B.  **Fraudulent joinder**

The defendants attempt to overcome this procedural defect[1] by arguing that PB&J Resorts, LLC is not properly joined.  "A party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship."[2] Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).  Were the court to disregard PB&J Resorts, LLC's citizenship, defendants

---

[1]The First Circuit Court of Appeals, like several others, considers removal by an in-forum defendant a "procedural defect" rather than a jurisdictional one.  Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012) ("removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect").

[2]As Judge McAuliffe has explained, "[i]n the context of fraudulent joinder, 'fraudulent' is a term of art that applies to the joinder of an in-state defendant against whom plaintiff simply has no chance of success, whatever the plaintiff's motives." Longden v. Philip Morris, Inc., 2003 DNH 140, 7 (internal quotations omitted).

point out, there would be complete diversity of the parties because Nordin is a citizen of Pennsylvania and the remaining defendants are citizens of foreign countries.  See 28 U.S.C. § 1332(a).

The defendants have arguably waived this argument.  Though the Court of Appeals has not addressed the question squarely, "many courts in the diversity context have found the claim of fraudulent joinder waived if not pled in the notice of removal." In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 118 (D. Mass. 2006); see also Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822, 826 (E.D. Va. 2008) (fraudulent joinder argument waived when not raised until objection to remand motion).  This is because "the notice [of removal] must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists."  Pharm. Indus., 431 F. Supp. 2d at 118 (quoting Wright, Miller & Cooper, Federal Practice & Procedure, § 3733 (3d ed. 1998)).  Failure to include fraudulent joinder as a basis for federal jurisdiction when the parties are not otherwise diverse has been considered a failure to include a "substantial and material" basis for federal jurisdiction.  Castle v. Laurel Creek Co., 848 F. Supp. 62, 66 (S.D.W. Va. 1994).  The defendants neither raised their improper joinder argument in the

notice of removal nor moved to amend that notice to include it within the 30-day removal window.[3]  Accordingly, the defendants have likely waived their fraudulent joinder argument.

Even if the defendants had raised that argument at the appropriate time, they have not carried their heavy burden of proving it.

> [I]t is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant.

Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014).  The removing party carries the "extremely heavy burden," Renaissance Mktg., 606 F. Supp. 2d at 208, of showing that there is no reasonable possibility of a cause of action through "clear and convincing evidence," Longden, 2003 DNH 140, 7 (quoting Mills v. Allegiance Healthcare Corp., 178 F.Supp.2d 1, 5 (D.Mass.2001)).  This analysis is not dissimilar to a Rule 12(b)(6) analysis, see id. at 8-9, though other jurisdictions have characterized the applicable standard as one "more lenient than that for a [Rule 12(b)(6)] motion to

---

[3] As discussed infra Part III.C, defendants did move within that window to amend their notice of removal -- but only to clarify the citizenship of PB&J Resorts, LLC's members which, as also discussed infra, would at this juncture prove futile.

dismiss." Rosbeck, 2015 WL 6472249, at *3. In conducting this analysis, the court "may consider additional evidence beyond the claims made in the pleadings, including affidavits of the parties." Phillips v. Medtronic, Inc., 754 F. Supp. 2d 211, 215 (D. Mass. 2010).

As mentioned above, Nordin brings two negligence counts against the defendants. She alleges that the defendants, inter alia, violated a duty to operate and manage the resort in a safe manner, and to hire, train, and supervise the resort's staff to do the same. The New Hampshire Supreme Court recognizes that "[t]he basis of a claim of negligent employment or supervision brought against an employer where the employee harms a third party . . . can encompass direct liability as a result of the misconduct of the employee." Cutter v. Town of Farmington, 126 N.H. 836, 840 (1985). Defendants contend that PB&J Resorts, LLC cannot possibly be held liable on these negligence theories because it does not manage the resort or control its day-to-day operations. Obj. (document no. 10) at 6. But Nordin has sufficiently pled otherwise.

Nordin alleges that the defendants, including PB&J Resorts, LLC, "have maintained interrelated management, officers, directors and ownerships of each respective company for the purpose of owning, operating, marketing and advertising their resort, Hedonism II," and that the defendants "collectively

control the [resort's] operations," including through PB&J Resorts, LLC's office in Manchester, New Hampshire. Id. ¶ 8. She further alleges that the defendants' "agents, officers, managers, employees, and/or personnel knew of, authorized, advertised, promoted, participated in, controlled and supervised" activities such as that in which she injured. Id. ¶¶ 12, 15. Though pled "on information and belief," these inferences are supported by allegations in the complaint and evidence raised in jurisdictional discovery conducted by the parties, including: (1) that the Hedonism II resort has its "US Office" at PB&J Resorts, LLC's address in Manchester, New Hampshire, according to the business card of one of the resort's hotel managers, see Compl. ¶¶ 8-10 & Ex. A; (2) that PB&J Resorts, LLC's Chief Operating Officer, Jon Gross, is also the Chief Executive Officer of each of the other three defendants, see Compl ¶¶ 2-5, a fact the defendants do not deny; and (3) that the general manager of the resort, who is also a member of PB&J Resorts, LLC, confers with Gross and others in New Hampshire concerning the resort's management and operations, see Plaintiffs' Reply Mem. (document no. 22) at 7-9. Gross's testimony that printing PB&J Resorts, LLC's address on the hotel manager's business card was a "mistake" and his categorical denial that PB&J Resorts, LLC manages, controls, or operates the resort, see Obj. (document no. 10) at 9-10, do not suffice, in

this court's view, to establish "no reasonable possibility" that the New Hampshire Supreme Court would find that the plaintiff's complaint states a cause of action for negligence.

Accordingly, defendants have not carried the heavy burden of demonstrating that PB&J Resorts, LLC is a fraudulently joined defendant in this action.  Because PB&J Resorts, LLC is a citizen of New Hampshire and not fraudulently joined, this action was improperly removed to this court and must be remanded.

### C. Motion to amend notice of removal

Defendants also move for leave to amend their notice of removal, albeit only to recite the citizenship of PB&J Resorts, LLC's members.[4]  Normally, "[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  To avoid exalting form over substance, this court will generally allow litigants to amend a notice of removal to cure a technical defect -- such as to demonstrate the actual existence of diversity -- after the 30-day deadline for doing so.  See Odishelidze v. Aetna Life &

---

[4] Defendants' counsel are reminded that, pursuant to Local Rule 7.1(a)(1), "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing."  While defendants' combined motion for leave to amend the notice of removal and objection to plaintiffs' motion for remand (document no. 9) runs afoul of this rule, in the interest of efficiency, the court has considered both here.

Cas. Co., 853 F.2d 21, 24 (1st Cir. 1988); Merchants Auto. Grp. v. Advantage Opco, 2014 DNH 241, 8-9 (granting motion to amend notice of removal to recite citizenship of limited liability company members).

In this case, however, such an amendment would be futile. See Ne. Fed. Credit Union v. Neves, 837 F.2d 531, 536 (1st Cir. 1988) ("Federal courts need not tiptoe through empty formalities to reach foreordained results."). A recitation of the citizenship of PB&J Resorts, LLC's members would merely demonstrate that one of them is a New Hampshire citizen and, accordingly, subject to the forum defendant rule. Given the failure of defendants' fraudulent joinder argument, for the reasons discussed supra Parts III.A and III.B, even if the notice of removal contained that information, remand would still be appropriate.

## IV.  Conclusion

For the foregoing reasons, Nordin's motion for remand[5] is GRANTED and defendants' motion to amend the removal notice[6] is DENIED.  The case is remanded to Hillsborough County Superior Court.

---

[5] Document no. 5.

[6] Document no. 9.

11

Because the court has determined that this action was improperly removed, "it is precluded from rendering any judgments on the merits of the case." Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001). Accordingly, defendants' motions to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and under the doctrine of forum non conveniens,[7] are DENIED without prejudice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    May 12, 2016

cc:  Jeremy T. Walker, Esq.
     R. David DePuy, Esq.
     Amber Racine, Esq.
     Henry Klementowicz, Esq.
     Mark J. LeWinter, Esq.
     Quinn Emmet Kelley, Esq.
     Jonathan P. Killeen, Esq.
     Michael P. Johnson, Esq.

---

[7] Document nos. 11 and 13.